**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Paul Huff, | No. CV-18-02919-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff James Paul Huff's Application for Disability Insurance Benefits by the Social Security Administration (SSA) under the Social Security Act (the Act). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 11, Pl. Br.), Defendant SSA Commissioner's Opposition (Doc. 12, Def. Br.), and Plaintiff's Reply (Doc. 13, Reply). The Court has reviewed the briefs and the Administrative Record (Doc. 10, R.) and now reverses the Administrative Law Judge's (ALJ) decision (R. at 14–35).

**I.  BACKGROUND**

Plaintiff filed his Application on September 15, 2016 for a period of disability beginning on January 1, 2015. (R. at 17.) Plaintiff's claim was denied initially on December 9, 2016, and upon reconsideration on March 8, 2017. (R. at 17.) Plaintiff testified at a hearing on December 5, 2017 and a supplemental hearing on February 15, 2018. (R. at 17.) On March 15, 2018, the ALJ denied Plaintiff's Application. (R. at 14–35.) This decision

became final on July 11, 2018, when the Appeals Council denied Plaintiff's request for review. (R at 1–8.)

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: asthma and chronic obstructive pulmonary disease (COPD). (R. at 21.)

Ultimately, the ALJ evaluated the medical evidence and testimony and determined that Plaintiff is not disabled. (R. at 27.) The ALJ found that, through Plaintiff's date last insured (DLI), he had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) with some limitations, including: occasionally climbing ramps and stairs but never ladders, ropes, or scaffolds; frequently balancing; occasionally stooping, kneeling, crouching, and crawling; avoiding extreme temperatures, chemicals, odors, dusts, fumes, gases, and hazards, including moving machinery and unprotected heights. (R. at 22.) Consequently, the ALJ concluded that Plaintiff was unable to perform his past relevant work but could perform jobs that exist in significant number in the national economy. (R. at 26.)

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than

one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

**III. ANALYSIS**

Plaintiff raises two arguments for the Court's consideration: (1) the ALJ erred by rejecting the treating physician's opinion; and (2) the ALJ erred by rejecting Plaintiff's symptom testimony.

### A. The ALJ properly rejected the opinion of Plaintiff's cardiologist because it was inconsistent with the medical records and not supported by objective testing.

The ALJ gave little weight to the opinion of Plaintiff's cardiologist, Dr. Paul N. Duong, because: (1) Dr. Duong did not treat Plaintiff prior to his DLI; (2) Dr. Duong's opinion was inconsistent with the medical records; and (3) there was a lack of relevant objective testing, which indicates Plaintiff was not as restricted as Dr. Duong opined. (R. at 24.)

"The medical opinion of a claimant's treating physician is given 'controlling weight' so long as 'it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the record].'" *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 1995) (citing 20 C.F.R. § 404.1527(c)(2)). An ALJ may only reject a treating or examining physician's contradicted medical opinion "for specific and legitimate reasons that are supported by substantial evidence in the record." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008).

Dr. Duong began treating Plaintiff on March 2, 2016, months after Plaintiff's DLI.[1] (R. at 731.) The ALJ found the delay in treatment to be particularly relevant in her analysis of Dr. Duong's credibility. (R. at 24.) Defendant urges that this was a proper reason to discredit Dr. Duong's credibility because Dr. Duong did not personally observe Plaintiff during the relevant period. (Def. Br. at 10.) The nature and extent of a physician's relationship with the claimant is only one of many factors an ALJ may consider in determining how much weight the physician's opinion should be given. *See Orn*, 495 F.3d at 633; *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988) ("[M]edical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-

---

[1] Though Dr. Duong indicated he began treating Plaintiff in March 2016, there is a cardiac catheterization report from November 2015 that lists Dr. Duong as the cardiologist. (R. at 603.)

- 4 -

expiration condition."). Here, it was plain error for the ALJ to reject Dr. Duong's opinion for this reason without considering its relevance to Plaintiff's impairments. Nevertheless, the ALJ provided two other specific and legitimate reasons for rejecting Dr. Duong's opinion.

The first of these reasons is that Dr. Duong's opinion was inconsistent with the medical evidence of record. (R. at 24.) Dr. Duong's opinion spanned multiple letters and a medical assessment. In September 2016, Dr. Duong wrote a letter stating that Plaintiff "has a history of chronic lifestyle limiting angina that has been resistant to various medications" and prevents him from performing his job duties. (R. at 628.) He wrote a similar letter in April 2017, adding that Plaintiff "is an appropriate candidate for complete disability." (R. at 731.) In April 2017, Dr. Duong also completed a medical assessment form in which he opined that Plaintiff could sit, stand, and walk for fewer than two hours; lift and carry fewer than ten pounds; and would miss approximately six or more days of work per month due to his severe chest pain. (R. at 730.)

To support her conclusion that Dr. Duong's opinion lacks support in the record, the ALJ pointed to diagnostic testing that showed "no acute cardiopulmonary process or evidence of coronary disease." (R. at 24.) The ALJ also noted that "although a December 2015 spirometry showed moderate obstruction with some reversibility, by February 2016, a spirometry showed only mild obstruction and mild restriction with good reversibility." (R. at 24.) Finally, the ALJ indicated that although Plaintiff complained of wheezing and worsening symptoms, "his provider noted that objective examinations and testing were not consistent with his subjective complaints." (R. at 24.)

In response, Plaintiff directs the Court to medical records that document his subjective complaints of chest pain and difficulty breathing. (Pl. Br. at 3.) Despite this, there are many unremarkable records of Plaintiff's cardiovascular and respiratory systems. (R. at 605, 609–10, 612, 614, 616, 655–66, 725, 734–35, 741–42, 756, 765, 768–69, 780.) Upon finding that Dr. Duong's opinion was unsupported by objective medical records, the ALJ was not required to accept it. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219,

1228 (9th Cir. 2009) (finding that an ALJ may discredit a physician's opinion that is conclusory or inadequately supported by objective clinical findings). Although Plaintiff urges that the evidence supports his alleged limitations, the Court will defer to the ALJ when substantial evidence supports the ALJ's rational interpretation of the record, as it does here. *Thomas*, 278 F.3d at 954.

The other related reason the ALJ gave for rejecting Dr. Duong's opinion is that his credibility was undermined by the lack of objective testing he ordered, which indicates Plaintiff's limitations were not as debilitating as Dr. Duong opined. (R. at 24.) This reason is specific and legitimate and supported by substantial evidence. The ALJ cited to Dr. Steven L. Schilling's evaluation in which he stated that there were no stress tests in the record that would permit him to further evaluate Plaintiff's symptoms. (R. at 806.) The ALJ also pointed to Dr. Harvey Alpern's hearing testimony that the record was devoid of objective cardiovascular evaluations like a treadmill test, a stress echo, or a nuclear test, and that without these, Dr. Duong merely assumed that Plaintiff had microvascular angina. (R. at 41.)

Plaintiff urges that a lack of cardiovascular testing is irrelevant to Plaintiff's COPD. (Pl. Br. at 9–10.) However, Plaintiff misses the point. Dr. Duong offered an opinion that Plaintiff suffers from angina, which speaks to Plaintiff's cardiovascular health. *See* 20 C.F.R. § 4.00(E). Therefore, the ALJ's finding that Dr. Duong should have conducted additional objective testing, as suggested by both Dr. Schilling and Dr. Alpern, is rational. Moreover, it is a specific and legitimate basis for the ALJ to discredit Dr. Duong's opinion. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

In sum, the Court finds that the ALJ gave specific and legitimate reasons to find that Dr. Duong's opinion was not entirely credible and therefore did not err in rejecting it.

**B. The ALJ improperly rejected Plaintiff's symptom testimony because her only reason—that the testimony was unsupported by objective medical evidence—is not specific, clear and convincing.**

While credibility is the province of the ALJ, an adverse credibility determination requires the ALJ to provide "specific, clear and convincing reasons for rejecting the claimant's testimony." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014). The ALJ may not rely solely on a lack of corroborating medical evidence to reject the claimant's subjective complaints of pain. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

Here, the ALJ did not provide specific, clear and convincing reasons for discrediting Plaintiff's symptom testimony. After summarizing the testimony, the ALJ concluded that Plaintiff's reports of pain were unsupported by the medical evidence. (R. at 22.) This, without more, was insufficient to reject Plaintiff's testimony. *See Burch*, 400 F.3d at 680. Defendant urges that the ALJ relied on "other evidence" in addition to the medical record, including Plaintiff's prior conduct and noncompliance with medical providers' recommendations. (Def. Br. at 7–8.) Despite the ALJ briefly mentioning Plaintiff's cigarette use and failure to report certain symptoms, she did not identify these as clear and convincing reasons to find Plaintiff incredible. *Treichler*, 775 F.3d at 1103 (finding that the ALJ is responsible for identifying which evidence undermines the symptom testimony); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) ("[T]he ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.").

Because the Court concludes the ALJ erred in rejecting Plaintiff's symptom testimony, the Court must consider whether the error was harmless. The harmless error doctrine provides that the Court need not remand or reverse an ALJ's decision if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination." *Tommasetti*, 533 F.3d at 1038. When the ALJ's error is a failure to properly

1  consider testimony that is favorable to the claimant, the relevant inquiry is whether a
2  "reasonable ALJ, when fully crediting the testimony, could have reached a different
3  disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050 (9th Cir.
4  2006). In the present case, if Plaintiff's symptom testimony was fully credited, it would
5  support a conclusion that his impairments preclude him from employment. Therefore, the
6  ALJ's error in failing to provide specific, clear and convincing reasons for rejecting it was
7  not harmless. *See id.*

### C. The credit-as-true rule does not apply.

The final issue Plaintiff raises is whether the Court should remand his case for computation of benefits. In doing so, Plaintiff asks that the Court apply the credit-as-true rule, which would result in a remand of Plaintiff's case for payment of benefits rather than for further proceedings. (Pl. Br. at 14–15.) The credit-as-true rule only applies in cases where three elements are present. *Treichler*, 775 F.3d at 1099–1102. First, the ALJ must have failed to provide legally sufficient reasons for rejecting medical evidence. *Id.* at 1100. Second, the record must be fully developed, there must be no outstanding issues that must be resolved before a determination of disability can be made, and the Court must find that further administrative proceedings would not be useful. *Id.* at 1101. Further proceedings are considered useful when there are conflicts and ambiguities that must be resolved. *Id.* Third, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. Even if these requirements are met, "the Court still retains the flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Guillen v. Colvin*, 2014 WL 4656422, at *10 (C.D. Cal. signed Sept. 17, 2014) (citing *Garrison*, 759 F.3d at 1020–21).

In this case, the ordinary remand rule applies. Despite all three elements of the credit-as-true rule being satisfied with regard to Plaintiff's symptom testimony, the record as a whole creates a serious doubt that Plaintiff is disabled. In addition to the lack of

objective records supporting Plaintiff's alleged limitations, the record also demonstrates that Plaintiff has been noncompliant with physicians' recommendations to quit smoking and to use his continuous positive airway pressure (CPAP) therapy. (R. at 617, 752, 761.) Such noncompliance may be sufficient to support an adverse credibility determination. *See* 20 C.F.R. § 404.1530(a) ("In order to get benefits, you must follow treatment prescribed by your medical source(s) if this treatment is expected to restore your ability to work."); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (a claimant's failure to assert one "good" reason for failing to comply with treatment "can cast doubt on the sincerity of the claimant's pain testimony").

In social security cases, "the required analysis centers on what the record shows about the existence or non-existence of a disability." *Garrison*, 759 F.3d at 1021. Because there is serious doubt as to whether Plaintiff is disabled, the Court declines to apply the credit-as-true rule and instead finds that remand for further proceedings is the appropriate remedy.

**IT IS THEREFORE ORDERED** reversing the March 15, 2018 decision of the Administrative Law Judge (R. at 14–35).

**IT IS FURTHER ORDERED** remanding this matter for further proceedings consistent with this Order.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and terminate this matter.

Dated this 14th day of January, 2020.

Douglas L. Rayes
United States District Judge